UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                                                      **MEMORANDUM AND ORDER**

      -against-                                                 21-CV-02475 (GRB) (JMW)

SLAVA SHAPIRO,

                Defendant.
-------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Before the Court is Plaintiff's motion (DE 8) to stay this action pending the outcome of a related proceeding pending in bankruptcy court in the matter, *Stern v. United States*, 8:20-ap-08147 (Bankr. E.D.N.Y.). For the reasons set forth below, the Court grants Plaintiff's application.

## I.    BACKGROUND

      In *Stern*, the bankruptcy trustee is seeking to recover payments made by the corporate bankruptcy debtor to satisfy tax owed by its owner (Dr. Shapiro, the Defendant herein) on corporate income that flowed to the owner on the corporation's Subchapter S tax returns. (DE 8.) Plaintiff subsequently commenced this action to obtain a judgment against Dr. Shapiro for alleged federal tax liabilities in 2015, 2017, and 2018, to the extent United States is held liable to the trustee of the bankruptcy estate of Dr. Shapiro's former dental practice, in the *Stern* matter. (*Id*.)

Plaintiff also filed a third-party complaint against Dr. Shapiro in the *Stern* matter, which Dr. Shapiro answered through bankruptcy counsel.[1] (DE 8.) Dr. Shapiro executed a waiver of service, but has yet to appear in this action. (DE 6.) Plaintiff asserts that Dr. Shapiro is currently on active military duty in Germany. (DE 8.)

## II. STANDARD

The Court has discretion to stay civil proceedings "pursuant to the power in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (internal quotation and citations omitted). Courts consider the following factors when deciding a motion to stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. *See also SST Global Technology, LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (noting that the five-factor test "has been applied to stay a federal action in light of a concurrently pending *federal* action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)"). The moving party has the burden to make out a clear case of hardship or inequity if the case is not stayed, if there is a fair possibility that a stay may damage someone else. *Liguori v. Wells Fargo Bank, N.A.*, No. 19-CV-10677 (VB), 2020 WL 5370709, at *3 (S.D.N.Y. Sep. 8, 2020). The main goal

---

[1] United States asserts that it filed this action in addition to filling the third-party complaint against Defendant Dr. Shapiro in the *Stern* action, because it is concerned that the bankruptcy court may lack subject-matter jurisdiction over the third-party complaint. (DE 8.)

2

in evaluating whether to stay an action is to avoid prejudice. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

### III.   DISCUSSION

The first factor weighs in favor of granting a stay. Plaintiff is the moving party seeking a stay and therefore would not be prejudiced if a stay is granted. The *Stern* matter currently pending in the bankruptcy court of this district involves the same set of facts and parties to this action. In fact, this lawsuit is contingent upon the outcome in *Stern*, and the discovery in that action will undoubtedly overlap with the discovery in this action.

The second factor, the privacy interest and burden on the defendant, also weighs in favor of granting a stay based on the same reasoning set forth above. Additionally, Defendant here, who has not yet filed an answer, would not be prejudiced by a stay because a stay would preclude Plaintiff from seeking a default against him.

The outcome of the *Stern* proceeding will essentially determine how this action plays out. Specifically, as advanced by Plaintiff, if *Stern* is dismissed, Plaintiff represents it will dismiss this action; if *Stern* results in a judgment against Dr. Shapiro and he does not appear, this action could be dismissed as moot; if *Stern* results in a judgment against United States but the third-party claim is dismissed, Dr. Shapiro would need to respond to the complaint herein; if *Stern* results in a judgment against Untied States and there is a denial on the merits of the relief against Dr. Shapiro, Plaintiff claims it would appeal and request this action be stayed pending that appeal. (DE 8.)

Granting a stay pending the outcome of the *Stern* proceeding would preserve the Court's resources and prevent duplicative discovery efforts. Further, if a stay is not granted and Plaintiff moves for a default, the Court may not enter a judgment until after the Court appoints an attorney

3

to represent Defendant, if he is indeed in the military service as United States asserts. *See* 50 U.S.C. § 3931(b)(2).

Plaintiff next asserts that the interests of persons not parties to the civil litigation weighs in favor of a stay because allowing this action to proceed would result in parallel proceedings that would require duplicative discovery affecting the Chapter 11 trustee of Defendant's former dental practice. (DE 8.) The Court agrees and finds that the fourth factor also weighs in favor of a stay. *See Liguori*, 2020 WL 5270709, at *5 (finding that a stay in a putative class action case arising out of the same facts as a pending class action in another jurisdiction, may narrow and eliminate unnecessary discovery).

Last, the public interest also weighs in favor of a stay for the same reasons that a stay weights in favor of the interest of the courts, that is conserving judicial resources and promoting judicial economy. *Albert v. Blue Dimond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017).

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that the relevant factors weigh in favor of staying this action. Plaintiff's motion for a stay of discovery pending the resolution of the related bankruptcy matter is therefore GRANTED.

Dated:  Central Islip, New York
        November 15, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

4